FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

97 JUN 30 AM 9:22

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ORA D. BERRY, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 96-B-2789-NW |
| HOME CABLE CONCEPTS OF TENNESSEE, INC., BANK ONE, DAYTON, N.A., and EMILEY TALLENT, | } } } } | ENTERED |
| Defendants. | } | JUN 3 0 1997 |

## MEMORANDUM OPINION

This matter is before the court on the motion to remand of plaintiff Ora D. Berry ("plaintiff"). Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

Plaintiff filed this action in the Circuit Court of Franklin County, Alabama, alleging claims of fraud in connection with the purchase of a satellite receiver system. (Compl. at 2-3). Within thirty days of the filing of plaintiff's complaint, defendant Bank One, Dayton, N.A. ("Bank One"), removed this case to federal court.[1] Thereafter, plaintiff filed the motion to remand presently before the court, contending that this case was improvidently removed.

---

[1] On October 23, 1996, defendant Home Cable Concepts of Tennessee, Inc., ("Home Cable"), filed a consent to and joiner in the notice of removal filed by Bank One.

17

## DISCUSSION

It is axiomatic that "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)). "The key requirement for removal is that the claim be within the federal court's *original*, not necessarily exclusive, jurisdiction." *Alexander by Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1220 (M.D. Ala. 1991). In cases like the present case, in which jurisdiction is not premised on diversity of citizenship, federal subject matter jurisdiction depends upon whether the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (citations omitted).

In the instant case, defendants premise jurisdiction on two grounds, the first being that plaintiff's complaint "arises under" the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1693r (Supp. I 1995). The court disagrees. Perhaps the simplest definition of "arising under" is Justice Holmes's: "A suit arises under the law that creates the cause of action." *See Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)). Because plaintiff's causes of action were all created by state law, they do not fall within Justice Holmes's definition of "arising under." The Supreme Court has also stated, however, that even though state law creates a plaintiff's cause of action, "its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right

2

to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13.  In the present case, plaintiff alleges fraudulent misrepresentation and suppression concerning the terms of a financing agreement, which she entered into in connection with the purchase of a satellite receiver system.  Because the court is of the opinion that plaintiff's right to relief does not require an interpretation of the TILA, but is instead premised entirely on state law, the court concludes that plaintiff's claims do not "arise under" federal law.

Defendants' second argument is that the allegations in plaintiff's complaint are completely preempted by provisions of the National Bank Act, 12 U.S.C. §§ 21-200 (1994). Under the well-pleaded complaint rule, the presence of a federal defense to a state-law cause of action, including the defense of preemption, does not ordinarily confer jurisdiction upon a federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).  Complete preemption, however, is an "independent corollary" to the well-pleaded complaint rule that transforms an ordinary state-law cause of action into one stating a federal claim where the preemptive force of the federal statute is extraordinary. *Id.* at 393; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  Where complete preemption exists, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Under § 85 of the National Bank Act, "[a]ny association may . . . charge on any loan . . . **interest** at the rate allowed by the laws of the State . . . where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at

the Federal reserve bank in the Federal reserve district where the bank is located . . . ."[2] 12 U.S.C. § 85 (emphasis added). Under § 86, [t]he taking, receiving, reserving, or charging a rate of interest greater than is allowed by section 85 . . . , when knowingly done, shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it . . . ." 12 U.S.C. § 86. Although the term "interest' is not defined in the National Bank Act, in *Smiley v. Citibank (South Dakota) N.A.*, 116 S. Ct. 1730 (1996), the Supreme Court held that the Comptroller of the Currency's definition of the term interest is reasonable and entitled to the customary deference afforded agency regulations under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 (1984), *reh'g denied*, 468 U.S. 1227 (1984). Under the Comptroller's definition interest is defined as follows:

> The term 'interest' as used in 12 U.S.C. § 85 includes any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any default or breach by a borrower of a condition upon which credit was extended. It includes, among other things, the following fees connected with credit extension or availability: numerical periodic rates, late fees, not sufficient funds (NSF) fees, overlimit fees, annual fees, cash advance fees, and membership fees. **It does not ordinarily include** appraisal fees, **premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit**, finders' fees, fees for document preparation or notarization, or fees incurred to obtain credit reports.

61 Fed. Reg. 4869 (to be codified in C.F.R. § 7.4001(a)) (emphasis added).

---

[2] Although defendant Bank One is no longer a party in this case, at oral argument, plaintiff's counsel informed the court that plaintiff intends to amend her complaint to add a national bank as a defendant in this matter.

In the instant case, plaintiff argues that her complaint "does not allege that the amount of interest and fees charged under the financing agreement were 'excessive' or otherwise unlawful in amount under Alabama law; rather she alleges that the Defendants misrepresented and suppressed material information about the nature and terms of the financing agreement." (Pl.'s Mem. of Law in Supp. of Remand at 6). The court agrees, and as a result, holds that, even if plaintiff amended her complaint to add a national bank, her state law claims would not be completely pre-empted by the National Bank Act.

## CONCLUSION

Based upon the foregoing, the court is of the opinion that plaintiff's motion to remand is due to be granted. An Order granting plaintiff's motion will be entered contemporaneously herewith.

**DONE** this 27th day of June, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

5